Case No. 24-50088

# In the United States Court of Appeals for the Fifth Circuit

———————

ENRIQUETA DIAZ,

*Plaintiff - Appellee,*

v.

RAMSEY ENGLISH CANTU, MAVERICK COUNTY JUDGE;
ROXANNA RIOS, COMMISSIONER PRECINCT 2;
OLGA RAMOS, COMMISSIONER PRECINCT 3; AND
ROBERTO RUIZ, COMMISSIONER PRECINCT 4,

*Defendants – Appellants.*

———————

*On Appeal from United States District Court
for the Western District of Texas, Del Rio Division
(Cause No. 2:23-cv-00060-AM)
The Honorable Chief Justice Alia Moses, Presiding*

---

## APPELLANTS' BRIEF

---

## ORAL ARGUMENT REQUESTED

Scott Michael Tschirhart
State Bar No. 24013655
smtschirhart@rampagelaw.com
Clarissa M. Rodriguez
State Bar No. 24056222
cmrodriguez@rampagelaw.com

DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH, PC
2500 W. William Cannon Drive
Suite 609, Austin, Texas 78745
(512) 279-6431 (Office)
(512) 279-6438 (Fax)

*Counsel for Defendants-Appellants*

# CERTIFICATE OF INTERESTED PERSONS

---------------------------
**Case No. 24-50088**

# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘 𝖋𝖔𝖗 𝖙𝖍𝖊 𝕱𝖎𝖋𝖙𝖍 𝕮𝖎𝖗𝖈𝖚𝖎𝖙

———————

ENRIQUETA DIAZ,

*Plaintiff - Appellee,*

v.

RAMSEY ENGLISH CANTU, MAVERICK COUNTY JUDGE;
ROXANNA RIOS, COMMISSIONER PRECINCT 2;
OLGA RAMOS, COMMISSIONER PRECINCT 3; AND
ROBERTO RUIZ, COMMISSIONER PRECINCT 4,

*Defendants – Appellants.*

———————

*On Appeal from United States District Court*
*for the Western District of Texas, Del Rio Division*
*(Cause No. 2:23-cv-00060-AM)*
*The Honorable Chief Justice Alia Moses, Presiding*

---

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.  These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Appellants-Defendants:**
Ramsey English Cantu,
Roxanna Rios,
Olga Ramos, and
Roberto Ruiz

**Counsel For Appellants:**
Scott Michael Tschirhart
State Bar No. 24013655
Clarissa M. Rodriguez
State Bar No. 24056222
DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH, PC
2500 W. William Cannon Dr.
Suite 609, Austin, TX 78745-5320
512/279-6431(Office)
512/279-6438 (Facsimile)


**Appellee-Plaintiff:**
Enriqueta Diaz

**Counsel For Appellees:**
Matthew S. Manning
WEBB CASON & MANNING, PC
710 Mesquite Street
Corpus Christi, Texas 78401
matt@wcctxlaw.com


Respectfully submitted,

*/s/Scott Michael Tschirhart*
SCOTT MICHAEL TSCHIRHART

## STATEMENT REGARDING ORAL ARGUMENT

Appellants contend that the Court can resolve this appeal without the need for oral argument, as the case involves well-established legal issues.  However, if the Court determines that oral argument would be helpful, Appellants welcome the opportunity to address the Court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .......................................................i-ii

STATEMENT REGARDING ORAL ARGUMENT ........................................... iii

TABLE OF CONTENTS.................................................................... iv-v

TABLE OF AUTHORITIES ............................................................. vi-ix

BRIEF OF APPELLANTS ....................................................................1

JURISDICTIONAL STATEMENT ........................................................2

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................2

    Issue One:  Did the trial court err when it denied Defendants' Motion to Dismiss Plaintiff's claims against County Judge Ramsey English Cantu based on Eleventh Amendment, judicial, and/or qualified immunity?................................................2

    Issue Two: Did the trial court err when it denied Defendants' Motion to Dismiss Plaintiff's claims against Defendants Roxanna Rios, Olga Ramos, and Roberto Ruiz based on their assertion of no valid claim under the theory of bystander liability and qualified immunity?..........................................................2

STATEMENT OF CASE ....................................................................3

BACKGROUND FACTS....................................................................4

STANDARD OF REVIEW ...............................................................11

SUMMARY OF THE ARGUMENT ....................................................11

THE ARGUMENT .........................................................................12

    **Issue for Review One:**  The trial court erred when it denied Defendants' Motion to Dismiss Plaintiff's claims against County Judge Ramsey English Cantu based on Eleventh Amendment, judicial, and/or qualified immunity .........................12

        Eleventh Amendment Immunity ................................................12

Judicial Immunity ..........................................................................15

Qualified Immunity ......................................................................18

**Issue for Review Two**: The trial court erred when it denied Defendants' Motion to Dismiss Plaintiff's claims against Defendants Roxanna Rios, Olga Ramos, and Roberto Ruiz based on their assertion of no valid claim under the theory of bystander liability and qualified immunity.........................................................21

Official Capacity Claims ...............................................................21

Bystander Libility ........................................................................22

Qualified Immunity ......................................................................23

CONCLUSION & PRAYER ....................................................................25

CERTIFICATE OF SERVICE ..................................................................26

CERTIFICATE OF COMPLIANCE .........................................................27

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. al–Kidd*, 563 U.S. 731, 131 S.Ct.
2074, 2083, 179 L.Ed.2d 1149 (2011)..........................................................20

*Ashcroft v. Iqbal,* 556 U.S. 662, 675, 129 S. Ct.
1937, 1947, 173 L. Ed. 2d 868 (2009)...................................................2,23,24

*Baker v. Monroe Twp*., 50 F.3d 1186, 1193–94 (3d Cir.1995) ..............................23

*Bates v. Pecos Cnty*., 546 S.W.3d 277, 290
(Tex. App. - El Paso 2017, no pet.) ...............................................................16

*Bivens* v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)....................22

*Brewer v. Lennox Hearth Prod., LLC*, 601 S.W.3d 704, 718 (Tex. 2020) .............17

*Bryant v. Gillem*, 965 F.3d 387 (5th Cir. 2020)..........................................................18

*Buehler v. Dear*, 27 F.4th 969, 989 (5th Cir. 2022) ..................................................22

*Buford v. Holladay*, 133 F.R.D. 487, 496 (S.D.Miss.1990) ...................................21

*City of Austin v. Paxton,* 943 F.3d 993 (5th Cir. 2019) ...........................................14

*Cook v. Ochsner Found. Hosp*., 559 F.2d 270, 272 (5th Cir. 1977) ......................16

*Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268, 273 (5th Cir. 2020).........11

*County of Los Angeles v. Mendez*, - U.S.-, 137 S. Ct.
1539, 1548, 198 L.Ed.2d 52 (2017)................................................................23

*Crowe v. Lucas*, 595 F.2d 985, 992 (5th Cir. 1979) ................................................21

*Daves v. Dallas Cnty., Texas*, 22 F.4th 522, 540 (5th Cir. 2022)...........................17

*Davis v. Tarrant Cnty., Tex.,* 565 F.3d 214, 228 (5th Cir. 2009) .......................12,17

*De Los Santos v. Bosworth*, No. 21-10323, 2022 WL 738673
 (5th Cir. Mar. 11, 2022), cert denied.....................................................13
 143 S. Ct. 111, 214 L. Ed. 2d 27 (2022), reh'g denied.................................13
 143 S. Ct. 516, 214 L. Ed. 2d 294 (2022)....................................................13

*England v. Hendricks*, 880 F.2d 281, 284 (10th Cir.1989) ....................................21

*Ex parte Browne*, 543 S.W.2d 82, 86 (Tex. 1976) ...................................................17

*Ex parte Young*, 209 U.S. at 157, 28 S.Ct. 441.............................................13,14,15

*Freeman v. Gore,* 483 F.3d 404, 415 (5th Cir. 2007)..............................................19

*Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020) ...........................................18

*Gutierrez v. Dallas Cnty. Municipalities & Entities*,
 No. 3:23-CV-0244-L-BH, 2023 WL 8881483
 (N.D. Tex. Nov. 28, 2023)...................................................................12,15
 No. 3:23-CV-244-L-BN, 2023 WL 8881822
 (N.D. Tex. Dec. 22, 2023) ...................................................................12,15

*Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) ...........................................22,23

*Heck v. Humphrey,* 512 U.S. 477, 483, 114 S.Ct. 2364,
 129 L.Ed.2d 383 (1994).........................................................................23

*Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir.), cert. denied,
 474 U.S. 1037, 106 S.Ct. 605, 88 L.Ed.2d 583 (1985) ................................13

*Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) ......19

*Jackson v. Wright*, 82 F.4th 362, 367 (5th Cir. 2023) ....................................13,14,15

*Jones v. Hosemann*, 812 F. App'x 235, 238 (5th Cir. 2020)....................................23

*Jones v. King*, No. P:22-CV-00030-DC, 2023 WL 7299134
 (W.D. Tex. Nov. 4, 2023)..........................................................................17

*Laviage v. Fite*, 47 F.4th 402, 405–06 (5th Cir. 2022) ............................................18

*Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) ......................................17

*Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).......20

*McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017) ....................................................11

*Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) ........................................19

*Mireles v. Waco*, 502 U.S. 9, 13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) ................17

*Monell v. Department of Soc. Svcs.,* 436 U.S. 658 (1978) ......................10,11,14,21

*Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir.2011) .........................................20

*Morrison v. Walker*, 704 F. App'x 369, 374 (5th Cir. 2017) ..................................17

*Peavy v. Dall. Indep. Sch. Dist.,* 57 F.Supp.2d 382, 390 n. 4 (N.D.Tex.1999).......23

*Pennhurst State Sch. v. Halderman,* 465 U.S. 89 (1984) ........................................13

*Perry v. Mendoza*, 83 F.4th 313, 317 (5th Cir. 2023).........................................18,19

*Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)....................14,21

*Puerto Rico Aqueduct Sewer Auth. v. Metcalf Eddy*,
    506 U.S. 139, 113 S. Ct. 684 (1993) ..............................................................15

*Ramirez, Marie v. Guadarrama,* 844 F. App'x 710, 713 (5th Cir. 2021)................11

*Sims v. City of Madisonville,* 894 F.3d 632 (5th Cir. 2018) ...................................23

*Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.,*
    229 F.3d 478, 482 (5th Cir. 2000) ..................................................................11

*Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*,
    662 F.3d 336, 342 (5th Cir. 2011) ..................................................................12

*Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S.

247, 255, 131 S.Ct. 1632, 179 L.Ed.2d 675 (2011) ........................................15

*Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015)...........................20,24

*Voss v. Goode*, 954 F.3d 234, 239 (5th Cir. 2020) ....................................................19

*Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) .......................12,13

*Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) ..........................................22,23

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989) .............................12

## Statutes

Tex. Const. art. V, § 1 ....................................................................................16,17
Tex. Const. art. V, § 16 ......................................................................................16
Tex. Const. art. V, § 18(b) .................................................................................16
28 U.S.C. § 1331 .................................................................................................2
42 U.S.C. § 1983 .................................................................................................2

CASE NO. 24-50088

# 𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰 𝔣𝔬𝔯 𝔱𝔥𝔢 𝔉𝔦𝔣𝔱𝔥 ℭ𝔦𝔯𝔠𝔲𝔦𝔱

_____

ENRIQUETA DIAZ

*Plaintiff - Appellee,*

v.

RAMSEY ENGLISH CANTU, MAVERICK COUNTY JUDGE;
ROXANNA RIOS, COMMISSIONER PRECINCT 2;
OLGA RAMOS, COMMISSIONER PRECINCT 3; AND
ROBERTO RUIZ, COMMISSIONER PRECINCT 4,

*Defendants – Appellants.*
_____

*On Appeal from United States District Court*
*for the Western District of Texas, Del Rio Division*
*(Cause No. 2:23-cv-00060-AM)*
*The Honorable Chief Justice Alia Moses, Presiding*

**BRIEF OF APPELLANTS**

Scott Michael Tschirhart
State Bar No. 24013655
smtschirhart@rampagelaw.com
Clarissa M. Rodriguez
State Bar No. 24056222
cmrodriguez@rampagelaw.com

DENTON NAVARRO RODRIGUEZ
BERNAL SANTEE & ZECH, PC
2500 W. William Cannon
Suite 609, Austin, Texas 78745
(512) 279-6431 (Office)
(512) 279-6438 (Fax)

*Counsel for Defendants-Appellants*

**TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:**

NOW COME Appellants Ramsey English Cantu, Roxanna Rios, Olga Ramos, and Roberto Ruiz and file this their Appellants' Brief. Appellants respectfully request that this Court reverse and render the trial court's ruling denying Appellants' Motion to Dismiss on the grounds of the assertion of Eleventh Amendment immunity, judicial immunity, and qualified immunity.

## JURISDICTIONAL STATEMENT

The basis for the district court's subject-matter jurisdiction is for allegations asserted under 42 U.S.C. § 1983 for violation of Appellee's Fourth Amendment rights by an alleged due process violation. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 as the district court issued an *Order Denying Motion to Dismiss*, denying Appellants' assertion of Eleventh Amendment immunity, judicial immunity, and qualified immunity. ROA.687-700. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 1947, 173 L. Ed. 2d 868 (2009).

Appellants filed a timely notice of appeal. ROA.708-710.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

**Issue One:** Did the trial court err when it denied Defendants' Motion to Dismiss based on Eleventh Amendment, judicial immunity, absolute legislative immunity, and/or qualified immunity for Defendant Ramsey English Cantu?

**Issue Two:** Did the trial court err when it denied Defendants' Motion to Dismiss based on Eleventh Amendment, absolute legislative immunity, and/or qualified immunity for Defendants Roxanna Rios, Olga Ramos, and Roberto Ruiz?

## STATEMENT OF THE CASE

This is an appeal of a *MEMORANDUM OPINION AND ORDER* issued by the Honorable Chief Judge Alia Moses on February 2, 2024. ROA.687-700.  This Order denies *Defendants' Rule 12b Motion to Dismiss Plaintiff's Amended Complaint.* ROA.114-128.

Appellee Enriqueta Diaz's *First Amended Complaint* alleges that Maverick County Judge Ramsey English-Cantu violated Appellee's constitutional right to be free of unreasonable seizures (false arrest) under the Fourth Amendment when he held her in contempt at a Commissioners Court hearing on October 10, 2023. ROA.102-103, 105-107.

Appellee's *First Amended Complaint* alleges that Maverick County Commissioners Roxanna Rios, Olga Ramos, and Roberto Ruiz violated her rights by failing to intervene (a bystander claim) when Judge English-Cantu threatened to hold her in contempt. ROA.103, 107-108.

Defendants filed their Motion to Dismiss on January 4, 2024, asserting that that Plaintiff's claims should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). ROA.114-128.

The trial court erred in denying Defendants' Motion to Dismiss. ROA.687-707.

Appellants respectfully request that the Court reverse and render the trial court's denial of Defendants' Motion to Dismiss.

## BACKGROUND FACTS

Appellee was involved in gathering and presenting a petition to Maverick County demanding an election on the issuance of certificates of obligation by Maverick County in the amount of $7.2 million for a water and sewer project. ROA.94, ¶9.

On October 30, 2023, the Maverick County Commissioners Court held a Commissioners Court meeting where the issuance of the certificates of obligation were considered. ROA.94, ¶¶11, 12.

County Judge English Cantu and the Commissioners Court relied on the advice of bond counsel regarding the legality of the certificates of obligation and what the Commissioners' Court should do in light of the petition. ROA.585, ln. 20 through 589, ln.5; ROA.607, ln.8 through 609, ln.14.  The Commissioners Court also received legal advice from County Attorney Iracheta.  ROA.528, ln.7 through 529, ln.22; ROA.535, ln.13 through 541, ln.8.; ROA.543, ln.9 through 544, ln.1.

At the meeting, Appellee addressed the Commissioners Court during the public comments section.  ROA.464, ln.16 through 465, ln.14.

After the close of public comments, County Judge English Cantu and Appellee engaged in a series of tense verbal exchanges. ROA.94, ¶¶12, 13;

ROA.555, ln.1-9; ROA.558, ln.2-19; ROA.631, ln.18 through 633, ln.3; ROA.638, ln.16 through 641, ln.23.

Judge English Cantu threatened to hold Appellee in contempt if she continued talking after the close of public comment.  ROA.94, ¶13.

Defendants-Appellants County Commissioners Roxanna Rios, Olga Ramos, and Roberto Ruiz ("Commissioners Rios, Ramos and Ruiz") did not intervene or question Judge English Cantu's authority to hold Appellee in contempt. ROA.94-95, ¶14.

Appellant factually pleads that, after and in spite of the warning, Judge English Cantu "believed" that Plaintiff continued to talk. ROA.95, ¶15.

The transcript attached to Plaintiff's Response shows that after Judge English Cantu's warning, Appellee continued to interrupt the meeting and use profane and defamatory language toward Judge English Cantu. ROA.555, ln.1-9; ROA.558, ln.2-19; ROA.631, ln.18 through 633, ln.3; ROA.638, ln.16 through 641, ln.23.

Judge English Cantu directed that Appellee be removed from the Courtroom, and she was escorted from the Courtroom. ROA.95, ¶15.

Judge English Cantu followed his training from the Texas Association of Counties in determining whether and how to hold Appellee in contempt. ROA.598, ln.5-19; ROA.602, ln.10 through 605, ln.7; ROA.641, ln.24 through 691, ln.5.

Judge English Cantu, at the request of the Sheriff through the Bailiff and the Sheriff's Deputies, issued a written Order of Contempt of Court. ROA.17, 646, ln.2 through 647, ln.14.

Prior to issuing the Order, Judge English Cantu consulted with County Attorney Iracheta to confirm that the Order was in compliance with the law. ROA.657, ln 22 through 658, ln.5; see also, ROA.522, ln.23 through 523, ln.17.

Appellee was processed in the Maverick County Jail and released. ROA.81, ¶21.

On November 6, 2023, Plaintiff filed suit against the Maverick County Judge Ramsey English Cantu and Maverick County Commissioners Roxanna Rios, Precinct 2, Olga Ramos, Precinct 3, and Roberto Ruiz, Precinct 4. ROA.10-15. Plaintiff's Original Complaint was focused on obtaining injunctive relief preventing Maverick County from issuing certificates of obligation without a vote by Maverick County residents.  ROA.12-15.

On November 8, 2023, the trial court issued an Order denying Plaintiff's ex parte request for injunctive relief.  ROA.40-44.  The Court granted Plaintiff's request to proceed *in forma pauperis* and ordered a preliminary injunction hearing to be held on November 14, 2023. ROA.44.

On November 16, 2023, the Court issued an Order appointing counsel for Appellee. ROA.51.

On November 20, 2023, Appellee filed a *Supplement to Plaintiff's Original Complaint and Request for Injunction and Motion for Leave to File an Amended Complaint and Request for Injunction.* ROA.56-60.  This pleading also focused on obtaining injunctive relief.

On November 21, 2023, the trial court issued a Preliminary Injunction. ROA.61-62.  The Preliminary Injunction ordered that no further action be taken on issuing debt for the proposed water and sewer project.  ROA.61.  The trial court also ordered the Defendants to dismiss a separate declaratory judgment lawsuit pending in state district court and that Plaintiff must amend her complaint according to the deadlines in a separate scheduling order. ROA.61-62.

Also on November 21, 2023, the trial court issued a Scheduling Order. ROA.63.

On November 26, 2023, Defendants filed an Original Answer ROA.66-70.

On December 19 and 20, 2023, Appellee filed two Motions for Leave to File a First Amended Complaint. ROA.75-77, 88-90.

On December 21, 2023, the trial court granted Plaintiff's Motion and directed the filing of Plaintiff's First Amended Complaint. ROA.101.

Plaintiff's First Amended Complaint [ROA.102-110] abandons requests for injunctive relief and alleges two new claims, a false imprisonment claim under the 4th Amendment against Judge English Cantu and a bystander claim against

Commissioners Rios, Ramos, and Ruiz. ROA.105-108. Plaintiff also pleads that the Defendants are not entitled to qualified immunity because this is an "obvious case," and the Defendants could not have believed that their actions were lawful. ROA.108-109.

*Plaintiff's First Amended Complaint* was the live pleading at the time Appellants moved to dismiss. ROA.102-110. *See* Appendix "A."

On January 4, 2024, Appellants filed *Defendants Rule 12(b) Motion to Dismiss Plaintiff's Amended Complaint*. ROA.114-128; corrected ROA.132-146. *See* Appendix "B."[1]

Appellants contend that Plaintiff failed to plead sufficient facts to plausibly show that Judge English Cantu's actions were taken without legal authority or were not supported by probable cause. ROA.139-140, ¶¶23-26. Appellants contend that, likewise, Plaintiff failed to plead facts to plausibly show that Judge English Cantu was not entitled to judicial immunity. ROA.140-142, ¶¶26-34. Appellants contend that Judge English Cantu is entitled to qualified immunity. ROA.142-143, ¶¶35-38.

Appellants contend that bystander liability is inapplicable to County Commissioners and has not been extended outside of the law enforcement context.

---

[1] Defendants moved to stay discovery. ROA.149-154. The trial court denied this motion. ROA.157. This Honorable Court resolved the issue on interlocutory appeal. ROA.712-714.

ROA.143-144, ¶¶39-46.  Appellants contend Commissioners Rios, Ramos, and Ruiz are entitled to qualified immunity. ROA.144, ¶47.

On January 26, 2024, Appellee filed *Plaintiff's Motion for Leave to File Plaintiff's Response to Defendants' Motion to Dismiss*. ROA.205-207.  On January 29, 2024, the trial court granted Appellee's motion. ROA.442.

*Plaintiff's Response to Defendants' Motion to Dismiss* [ROA.443-452] states that it incorporates the transcript of a hearing held on November 14, 2023. ROA.443. *See* Appendix "C."

Appellee's Response alleges, for the first time, that Judge English Cantu and the Commissioner's Court were acting in their "legislative" capacities. ROA.448.[2] Appellee contends that Judge English Cantu is not entitled to qualified immunity because he knowingly violated the law. ROA.448-449.

Appellee urged the trial court to extend bystander claims to legislative or governmental officers outside of law enforcement to include Commissioners Rios, Ramos and Ruiz's alleged failure to stop Judge English Cantu from holding Appellee in contempt.  ROA.450-451.

---

[2] If Appellants were operating in their "legislative" capacity, they would be entitled to absolute legislative immunity. ROA.681-682, 684.  This illustrates the futility of allowing Appellee to replead.

On February 1, 2024, Appellants filed *Defendants' Reply to Plaintiff's Response to Defendants' Rule 12(b) Motion to Dismiss Plaintiff's Amended Complaint*. ROA.676-686. *See* Appendix "D."

In their Reply, Appellants asserted that Judge English Cantu is entitled to Eleventh Amendment Immunity. ROA.678-679, ¶11. Judge English Cantu is entitled to dismissal of Plaintiff's official capacity claims because Plaintiff has not pled sufficient facts to support a *Monell* claim. ROA.679-680, ¶¶12-15. Judge English Cantu's actions were judicial in nature, and therefore he is entitled to judicial immunity. ROA.680-681, ¶¶16-22. Finally, Plaintiff has not cured her failure to plead facts to show an absence of probable cause or to supply authority to show that Judge English Cantu was on notice that he was violating a clearly established right. ROA.682-684, ¶¶26-29.

Appellants contend that Plaintiff failed to plead a plausible *Monell* claim against Defendant Commissioners Rios, Ramos and Ruiz. ROA.684-685, ¶¶30-31. Plaintiff has not pled a valid *Monell* claim. ROA.685, ¶31. Finally, Plaintiff has not cured her failure to supply authority to show that Commissioners Rios, Ramos and Ruiz were on notice that they were violating a clearly established right. ROA.685, ¶35.

On February 2, 2024, 2023, the trial court held a hearing on Defendants' Motion to Dismiss.

On February 5, 2024, the trial court issued an Order denying Defendants' Motion to Dismiss. ROA.687-707. Appellants timely appeal from this Order. ROA.708-710.

## STANDARD OF REVIEW

Appellate review of a district court's decision on a motion to dismiss is *de novo*. *See McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017).

Immunity under the Eleventh Amendment is a question of law, which an appellate court reviews de novo. *See Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268, 273 (5th Cir. 2020).

Judicial immunity is a question of law and is reviewed de novo. *See Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 482 (5th Cir. 2000).

Appellate review of a district court's order denying qualified immunity is *de novo*. *See Marie Ramirez v. Guadarrama*, 844 F. App'x 710, 713 (5th Cir. 2021).

## SUMMARY OF THE ARGUMENT

The trial court erred when it denied Defendants' Motion to Dismiss because Defendants-Appellants demonstrated that they are entitled to Eleventh Amendment, judicial, and/or qualified immunity, and Plaintiff has not pled facts to support a plausible *Monell* claim for her official capacity claims.

This Court should reverse and render as Appellee cannot plead a set of facts that would circumvent Appellants' immunity.

## THE ARGUMENT

**1.    The trial court erred when it denied Defendants' Motion to Dismiss Plaintiff's claims against County Judge Ramsey English Cantu based on Eleventh Amendment, judicial, and/or qualified immunity.**

**ELEVENTH AMENDMENT IMMUNITY**.

Plaintiff asserts official capacity claims against Judge English Cantu. ROA.78.

"Texas judges are entitled to Eleventh Amendment immunity[3] for claims asserted against them in their official capacities as state actors." *Davis v. Tarrant Cnty., Tex*., 565 F.3d 214, 228 (5th Cir. 2009); *see also Warnock v. Pecos Cnty., Tex*., 88 F.3d 341, 343 (5th Cir. 1996); *Gutierrez v. Dallas Cnty. Municipalities & Entities*, No. 3:23-CV-0244-L-BH, 2023 WL 8881483, at *5 (N.D. Tex. Nov. 28, 2023), report and recommendation adopted, No. 3:23-CV-244-L-BN, 2023 WL 8881822 (N.D. Tex. Dec. 22, 2023):

> Even if those claims weren't forfeited, none could proceed against the state judges. Because they are sued in their official capacities, we must treat the claims against them as claims against the State of Texas. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). For that reason, the judges enjoy sovereign immunity.
>
> The judges are immune from any claim for damages. Those claims are, in fact, against the State of Texas, which would have to pay any damages. *Warnock v. Pecos Cnty*., 88 F.3d 341, 343 (5th Cir. 1996). Thus, sovereign immunity bars those claims. *See id.*

---

[3] Eleventh Amendment immunity may be raised at any time, even "for the first time on appeal." *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 342 (5th Cir. 2011)(citing multiple cases from other Federal Circuits).

*De Los Santos v. Bosworth*, No. 21-10323, 2022 WL 738673, at *2 (5th Cir. Mar. 11, 2022), cert. denied, 143 S. Ct. 111, 214 L. Ed. 2d 27 (2022), reh'g denied, 143 S. Ct. 516, 214 L. Ed. 2d 294 (2022).

In *Warnock*, the plaintiff brought 1983 damages claims against two state district court judges.  This Court said:

> Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity. *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir.), cert. denied, 474 U.S. 1037, 106 S.Ct. 605, 88 L.Ed.2d 583 (1985). Plaintiff argues that Judges Gonzalez and Jones are not entitled to sovereign immunity in this case because the appointing of county auditor is an administrative act performed on behalf of the County, not the State. Plaintiff's argument is unavailing. The Eleventh Amendment is invoked when "the state is the real, substantial party in interest." *Pennhurst,* 465 U.S. at 101, 104 S.Ct. at 908. The state is a real, substantial party in interest when the judgment sought would expend itself on the state treasury or domain or would restrain the state from acting or compel it to act. *Id.* at 101 n. 11, 104 S.Ct. at 908–09 n. 11. Plaintiff seeks relief that would be provided by the state. The state, therefore, is the real, substantial party in interest making sovereign immunity applicable to plaintiff's claims against the judges in their official capacities.

*Warnock v. Pecos Cnty., Tex*., 88 F.3d 341, 343 (5th Cir. 1996).

The trial court invoked the *Ex parte Young* exception as articulated in *Jackson v. Wright*, 82 F.4th 362, 367 (5th Cir. 2023). ROA.698.  However, the trial court erred in failing to analyze the requirements that "a plaintiff must sue the right defendants and ask for the right remedy." *Id.*

Plaintiff sued County Judge English Cantu in his official capacity, but has not alleged facts to plausibly state a *Monell* claim.  Plaintiff has alleged no facts to establish that the enforcement of a policy or practice resulted in the deprivation of federally protected rights. Plaintiff raises no factual allegations pertaining to a policymaker, an official policy, or that the policy was the moving force behind the constitutional violation.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff has not pled facts to plausibly show that Judge English Cantu has the requisite "connection" with the enforcement of any law or policy.  "Under *Ex parte Young*, the officers who are sued must have 'some connection with the enforcement' of the challenged law or policy." *Jackson*, 82 F.4th at 367 (quoting *Ex parte Young*, 209 U.S. at 157, 28 S.Ct. 441).  Moreover, Plaintiff has not pled facts to show that Judge English Cantu had "more than 'the general duty to see that the laws of the state are implemented.'" *Id.* (quoting *City of Austin v. Paxton,* 943 F.3d 993, 999–1000 (5th Cir. 2019))("The required 'connection' [to apply the *Ex parte Young* exception to a state official] is not 'merely the general duty to see that the laws of the state are implemented,' but 'the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty.'")(internal citations omitted). Plaintiff simply has not sued the correct official to invoke the *Ex parte Young* exception.

14

Additionally, Plaintiff seeks money damages, abrogating any possible *Ex parte Young* exception:

> Second, the right remedy. Under *Ex parte Young*, a court is permitted to "command[ ] a state official to do nothing more than refrain from violating federal law." *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255, 131 S.Ct. 1632, 179 L.Ed.2d 675 (2011). The *Ex parte Young* doctrine "applies only to prospective relief" and "does not permit judgments against state officers declaring that they violated federal law in the past." *P.R. Aqueduct*, 506 U.S. at 146, 113 S.Ct. 684.

*Jackson*, 82 F.4th at 368. Plaintiff's suit for money damages falls outside the "narrow doorway through the sovereign immunity defense" provided by *Ex parte Young*. *Id*. at 367; *see also Gutierrez v. Dallas Cnty. Municipalities & Entities*, No. 3:23-CV-0244-L-BH, 2023 WL 8881483, at *5 (N.D. Tex. Nov. 28, 2023), report and recommendation adopted, No. 3:23-CV-244-L-BN, 2023 WL 8881822 (N.D. Tex. Dec. 22, 2023)(dismissing money damages claims against a judge under the Eleventh Amendment),

The trial court erred in denying Defendant Judge English Cantu's Motion to Dismiss on Eleventh Amendment immunity, and this Court should reverse and render.

## JUDICIAL IMMUNITY.

The trial court erred in denying Defendants-Appellants' Motion to Dismiss because Plaintiff-Appellee has not pled a valid waiver of Appellant English Cantu's judicial immunity.

The Texas Constitution explicitly vests the Commissioners Court with judicial power. Tex. Const. art. V, § 1; *see also Bates v. Pecos Cnty.*, 546 S.W.3d 277, 290 (Tex. App.—El Paso 2017, no pet.)("With respect to the judicial powers of this state, the Texas Constitution creates a number of courts, including constitutional county courts and commissioners courts.").

The County Judge is the presiding officer of the County Court and the Commissioners Court and "have power to issue writs to enforce their jurisdiction." Tex. Const. art. V, § 16; *see also Bates v. Pecos County*, 546 S.W.3d at 290.

> The County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed.

Tex. Const. art. V, § 18(b).

Judges also have inherent authority to control and bring proceedings into order. *See Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977)("Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt.").

> Inherent authority emanates "from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities." Indeed, courts " 'are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.' "

*Brewer v. Lennox Hearth Prod., LLC*, 601 S.W.3d 704, 718 (Tex. 2020)(internal citations omitted); *Ex parte Browne*, 543 S.W.2d 82, 86 (Tex. 1976)("The power to punish for contempt is an inherent power of a court. It is an essential element of judicial independence and authority.").

When acting in a judicial capacity, a statutory County Judge exercises state judicial power. *See Daves v. Dallas Cnty., Texas*, 22 F.4th 522, 540 (5th Cir. 2022)(citing Tex. Const. art. V, § 1).

> In determining whether the judges had engaged in a judicial act as opposed to an administrative or other category of action, we considered "the particular act's relation to a general function normally performed by a judge."

*Id.* at 539 (quoting *Davis v. Tarrant Cnty.*, 565 F.3d 214, 218–19 (5th Cir. 2009));

*Mireles v. Waco*, 502 U.S. 9, 13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

> Citing someone for contempt is an act normally performed by a judge. *Adams,* 764 F.2d at 298. Likewise, issuing a sentence is a general judicial function. *Lopez*, 620 F.2d at 1235 (judge immune for actions of arraigning, convicting and sentencing). Both the contempt citation and the sentencing were "normal judicial functions."

*Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993); *see also Morrison v. Walker*, 704 F. App'x 369, 374 (5th Cir. 2017)(holding that if a Texas judge improperly holds someone in contempt and also determines their guilt or innocence, the judge remains entitled to judicial immunity.); *Jones v. King*, No. P:22-CV-00030-DC, 2023 WL 7299134, at *3, *6 (W.D. Tex. Nov. 4, 2023).

Judge English Cantu was clearly acting in his judicial capacity when he held

Plaintiff in contempt, an act that is typically performed only by a judge.

The trial court erred in denying Defendants' Motion to Dismiss regarding the

judicial immunity of Appellant-Defendant English Cantu, and this Court should

reverse and render.

## QUALIFIED IMMUNITY.

The trial court erred in denying Defendants-Appellants' Motion to Dismiss

because Judge English Cantu is entitled to qualified immunity.

> Once [a governmental official] "raises the defense of qualified
> immunity, the plaintiff bears the burden of showing the defense does
> not apply." *Gillem*, 965 F.3d at 391. To overcome qualified immunity,
> the plaintiff must show that the officer (1) violated a constitutional right
> that was (2) clearly established at the time. *Laviage v. Fite*, 47 F.4th
> 402, 405–06 (5th Cir. 2022). Courts "can analyze the prongs in either
> order or resolve the case on a single prong." *Garcia v. Blevins*, 957 F.3d
> 596, 600 (5th Cir. 2020).

*Perry v. Mendoza*, 83 F.4th 313, 317 (5th Cir. 2023).

On the first prong, Appellee alleges that Judge English Cantu had her arrested

without probable cause. ROA.96-97.  However, the record clearly illustrates that

Judge English Cantu acted on ample evidence of probable cause as he "believed"

that Plaintiff continued to talk after his warning. ROA.95, ¶15.  Appellee continued

to interrupt the meeting and use profane and defamatory language toward Judge

English Cantu. ROA.555, ln.1-9; ROA.558, ln.2-19; ROA.631, ln.18 through 633,

ln.3; ROA.638, ln.16 through 641, ln.23. Therefore, Appellee was not arrested without probable cause.

Moreover, for the purposes of qualified immunity the lack of probable cause is not the Constitutional standard.

> An officer is due qualified immunity, "even if he did not have probable cause to arrest a suspect," so long as "a reasonable person in his position would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Voss v. Goode*, 954 F.3d 234, 239 (5th Cir. 2020) (cleaned up) (quoting *Freeman v. Gore,* 483 F.3d 404, 415 (5th Cir. 2007)); *see also Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (explaining that officers who " 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity") (quoting *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)).

*Perry v. Mendoza,* 83 F.4th 313, 317 (5th Cir. 2023).

Plaintiff's pleadings and the records' excerpts clearly demonstrate that Judge English Cantu could reasonably believe that Appellee's actions and statements were in contempt of court.

Therefore, Judge English Cantu did not violate Plaintiff's 4th Amendment rights by holding her in contempt.

Plaintiff also failed to provide any authority to show that Judge English Cantu should have known he was violating clearly established law.

To defeat qualified immunity, the plaintiff must show that the official's conduct was objectively unreasonable in light of a clearly established rule of law. *See id.* at 323. This is a demanding standard: Because qualified immunity protects "all but the plainly incompetent or those

19

who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), we do not deny its protection unless existing precedent places the constitutional question "beyond debate," *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir.2011) (en banc) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011)). The court must "ask whether the law so clearly and unambiguously prohibited [the official's] conduct that every reasonable official would understand that what he is doing violates [the law]." *Id.* (citing *al–Kidd*, 131 S.Ct. at 2083) (second alteration in original).

*Vincent*, 805 F.3d at 547.

Plaintiff wholly failed to produce legal authority to demonstrate that Plaintiff had a right that was so clearly established at the time of the Judge English Cantu's alleged misconduct that it would be clear to a reasonable County Judge that the conduct was unlawful. Plaintiff produced no legal authority to demonstrate that any other County Judge has been found liable under 42 U.S.C. §1983 for holding a disruptive person in contempt.

Although a case directly on point is not necessary, there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitively unlawful. Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right "clearly" in a given context; rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case.

*Vincent,* 805 F.3d at 547. Plaintiff-Appellee has not met this burden.

The Court should also consider that Judge English Cantu relied on the advice of the County Attorney that the order holding Appellant in contempt was in compliance with the law. ROA.657, ln.22 through 658, ln.5. Although reliance on

advice of counsel does not necessarily insulate an officer from liability, it is a factor the court may consider under the objective "good faith" standard for determining whether qualified immunity exists. *See Crowe v. Lucas*, 595 F.2d 985, 992 (5th Cir. 1979); *Buford v. Holladay*, 133 F.R.D. 487, 496 (S.D.Miss.1990); *see also England v. Hendricks*, 880 F.2d 281, 284 (10th Cir.1989)("where the law is unclear, a police officer is immune if the officer consulted with and relied upon the advice of a county attorney.").

The trial court erred in denying Defendant's Motion to Dismiss based on qualified immunity as to Defendant-Appellant English Cantu, and this Court should reverse and render.

**2.     The trial court erred when it denied Defendants' Motion to Dismiss Plaintiff's claims against Defendants Roxanna Rios, Olga Ramos, and Roberto Ruiz based on their assertion of no valid claim under the theory of bystander liability and qualified immunity.**

**OFFICIAL CAPACITY CLAIMS.**

Plaintiff sued Defendants Rios, Ramos, and Ruiz in their official capacities. ROA.92-110.  However, Plaintiff has not pled facts to support a plausible *Monell* claim.  Plaintiff has alleged no facts to establish that the enforcement of a policy or practice resulted in the deprivation of federally protected rights.  Plaintiff raises no factual allegations pertaining to a policymaker, an official policy, or that the policy was the moving force behind the constitutional violation.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

The trial court erred in denying Defendants' Motion to Dismiss, and this Court should reverse and render.

**BYSTANDER LIABILITY.**

Plaintiff's only claim against Defendants Rios, Ramos, and Ruiz is a bystander claim. ROA.83-84. However, bystander liability has only been applied to police officers where the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). Generally, "[b]ystander liability arises only where the plaintiff can allege and prove another officer's use of excessive force." *Buehler v. Dear*, 27 F.4th 969, 989 (5th Cir. 2022). Bystander liability arises out of a police officer's duty to "take reasonable measures to protect a suspect from another officer's use of excessive force." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).

Plaintiff has not provided any authority extending this police-related legal theory to County Commissioners.[4] Moreover, Plaintiff has not provided any authority supporting the contention that a government official, outside the realm of law enforcement and penal operations, has a duty to protect a third person from the alleged deprivation of their rights by another government official. Moreover, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff

---

[4] This alone should satisfy the second prong of Defendants' qualified immunity defense.

must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

Even if the Court were inclined to expand bystander liability beyond the law enforcement context, Plaintiff has not pled facts sufficient to plausibly support such a claim. First, a plaintiff must plead facts to show that the bystander *knew* that the other officer was committing a constitutional violation. *See Whitley*, 726 F.3d at 646. Second, a plaintiff must plead facts to show that the bystander *acquiesced* in the alleged constitutional violation.

> In resolving whether a plaintiff has sufficiently alleged a bystander liability claim we also consider whether an officer "acquiesce[d] in" the alleged constitutional violation. *Hale,* 45 F.3d at 919*; see Baker v. Monroe Twp.*, 50 F.3d 1186, 1193–94 (3d Cir.1995) (premising liability on senior officer's knowledge of, and acquiescence in, treatment of victim); *see also Peavy v. Dall. Indep. Sch. Dist.,* 57 F.Supp.2d 382, 390 n. 4 (N.D.Tex.1999) (*Hale* inapplicable where defendant did not acquiesce in any conduct violating plaintiff's constitutional rights).

*Whitley,* 726 F.3d at 647.

Plaintiff has not pled facts to plausibly demonstrate that Defendants Rios, Ramos, and Ruiz knew that Judge English Cantu was doing anything that violated Plaintiff's rights. Plaintiff has not pled facts to show that Defendants Rios, Ramos, and Ruiz acquiesced in any conduct that would violate Plaintiff's rights.

The trial court erred in denying Defendants' Motion to Dismiss, and this Court should reverse and render.

**QUALIFIED IMMUNITY.**

Plaintiff has not pled facts to plausibly allege that Defendants Rios, Ramos, and Ruiz did anything through their own individual actions to violate her rights.

> In a § 1983 claim, the Supreme Court has told us that "a plaintiff must plead that each Government-official defendant, **through the official's own individual actions**, has violated the Constitution." *Iqbal,* 556 U.S. at 676, 129 S.Ct. 1937 (emphasis added); *see id*. at 683, 129 S.Ct. 1937 (holding that defendants cannot be held liable "unless they themselves acted on account of a constitutionally protected characteristic" (emphasis added)). Only when those individual actions "proximately cause[ ]" the plaintiff's injury can that plaintiff seek relief under § 1983. *County of Los Angeles v. Mendez*, —— U.S. ——, 137 S. Ct. 1539, 1548, 198 L.Ed.2d 52 (2017) (citing *Heck v. Humphrey*, 512 U.S. 477, 483, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)); *see also Sims*, 894 F.3d at 639 (noting that "individual liability for a government official who violates constitutional rights ... turns on traditional tort principles of 'but-for' causation").

*Jones v. Hosemann*, 812 F. App'x 235, 238 (5th Cir. 2020)(emphasis added). Plaintiff has not pled sufficient facts to plausibly satisfy the first prong of the qualified immunity analysis because she cannot show that Defendants Rios, Ramos, and/or Ruiz, through their own individual actions, violated Plaintiff's rights.

Plaintiff also fails to meet the second prong in that Plaintiff wholly failed to produce legal authority to demonstrate that Plaintiff had a right that was so clearly established at the time of the Defendants Rios, Ramos, and/or Ruiz alleged misconduct that it would be clear to a reasonable County Commissioner that the conduct was unlawful.  Plaintiff produced no legal authority to demonstrate that any

other County Commissioners have been found liable under 42 U.S.C. §1983 for

failing to intervene when the County Judge holds a disruptive person in contempt.

> Although a case directly on point is not necessary, there must be
> adequate authority at a sufficiently high level of specificity to put a
> reasonable official on notice that his conduct is definitively unlawful.
> Abstract or general statements of legal principle untethered to
> analogous or near-analogous facts are not sufficient to establish a right
> "clearly" in a given context; rather, the inquiry must focus on whether
> a right is clearly established as to the specific facts of the case.

*Vincent,* 805 F.3d at 547.  Plaintiff-Appellee has not met this burden.  Therefore, this

Court should reverse and render the trial court's denial of Defendants' Motion to

Dismiss.

## CONCLUSION & PRAYER

WHEREFORE PREMISES CONSIDERED, APPELLANTS Ramsey

English Cantu, Roxanna Rios, Olga Ramos, and Roberto Ruiz pray that the Court

reverse the Trial Court's denial of Appellants' Motion to Dismiss and render a

judgment that the Trial Court lacked subject matter jurisdiction over Appellee's

claims, dismiss Plaintiff-Appellee's claims with prejudice, and for such further relief

to which Appellants may be justly entitled, in law and in equity.


SIGNED on this the 24th day of April, 2024.

Respectfully submitted,

DENTON NAVARRO RODRIGUEZ BERNAL
SANTEE & ZECH, PC
A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas 78745
512/279-6431 (Telephone)
512/279-6438 (Facsimile)
smtschirhart@rampagelaw.com
cmrodriguez@rampagelaw.com

By:     /s/Scott Michael Tschirhart
        SCOTT MICHAEL TSCHIRHART
        State Bar No. 24013655
        CLARISSA M. RODRIGUEZ
        State Bar No. 24056222
        *Counsel for Appellants/Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has emailed via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on this 24th day of April, 2024, to this Court and to all counsel of record as follows:

Matthew S. Manning                          Via Electronic Notification
WEBB CASON & MANNING, P.C.
710 Mesquite Street
Corpus Christi, Texas 78401
matt@wcctxlaw.com

                /s/Scott Michael Tschirhart
                SCOTT MICHAEL TSCHIRHART

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements.

1.     This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.2, this document contains 5,494 words.

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-styled requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 docx, in 14-point in Times New Roman for body and 12-point Times New Roman for footnotes.

/s/ *Scott M. Tschirhart*
SCOTT M. TSCHIRHART